UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALYCIA M. COOLEY, | Case No. 2:25-cv-2188-DJC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| JASON W. PERKINS, | |
| Defendant. | |

Plaintiff, proceeding without counsel, commenced this action by filing a complaint together with motions to proceed *in forma pauperis* and for a temporary restraining order. ECF Nos. 2 & 3. Plaintiff's allegations fail to state a viable claim, and I will therefore dismiss her complaint with leave to amend. I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2). Finally, I will recommend that plaintiff's motion for injunctive relief, ECF No. 3, be denied.

**Screening Order**

**I.     Legal Standard**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

1  which relief may be granted, or seeks monetary relief from a defendant who is immune from such
2  relief. *Id.*

3    A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
6  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
7  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
8  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
9  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 n.2 (9th Cir. 2006) (en banc) (citations omitted).

13    The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
14 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20 **II.    Analysis**

21    Plaintiff's complaint is devoid of factual allegations. *See generally* ECF No. 1. In the
22 section of the complaint dedicated to plaintiff's claims, she writes, in the entirety, "To be
23 determined as case proceeds for monetary damages and for past and future emotional distress &
24 punitive damages from malicious violations, Attorneys fees/cost under 42 U.S.C. 1988 ( if
25 council leader joins) Plaintiff seeks any further relief the court seems just improper, including but
26 limited to emergency relief under rule 65." *Id.* at 5. And for relief sought, plaintiff asks for the
27 immediate return of her children and for the court to prohibit defendant from interfering with her.
28 *Id.* at 6.

Plaintiff neither provides any allegations concerning the only named defendant, Jason Perkins, whom she identifies as a "Sprinkler Fitter," nor does she explain how defendant violated her rights. Simply put, the complaint's limited allegations are insufficient to put defendant and the court on notice of plaintiff's claims and the factual basis for such claims. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim.").

I will dismiss the complaint with leave to amend so that plaintiff may have an opportunity to remedy these deficiencies. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

**Motion for a Temporary Restraining Order**

Plaintiff has filed a motion for a temporary restraining order that asks the court to stay enforcement of a state court custody order that removed her children from her care and to immediately return her children with the assistance of federal law enforcement. ECF No. 3 at 16. Plaintiff states that for the past five weeks, defendant, the father of plaintiff's children, has improperly retained custody of their children in defiance of a court order from the Placer County Court. *Id.* at 3-6. Plaintiff argues that her claims arise under the Fourteenth Amendment, the Violence Against Women Act, 18 U.S.C. § 242, and the Victims' Rights and Restitution Act. *Id.* at 2.

A temporary restraining order, as with any preliminary injunctive relief, is an extraordinary remedy that is never awarded as of right. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The standards governing temporary restraining orders are

3

1  "substantially similar" to those that govern preliminary injunctions. *Washington v. Trump*, 847
2  F.3d 1151, 1159 n.3 (9th Cir. 2017).  To obtain injunctive relief, plaintiff must show
3  (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of
4  preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in
5  the public interest.  *Winter*, 555 U.S. at 20.  "The first factor under Winter is the most
6  important—likely success on the merits."  *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir.
7  2015).

Plaintiff's motion for a temporary restraining order should be denied because she fails to show that she is likely to succeed on the merits.[1]

This court does not have jurisdiction to consider plaintiff's claims.  Child custody claims are exclusively matters of state law.  *See Ankenbrandt v. Richards*, 504 U.S. 689, 702-04 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees"); *see also Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (stating that "federal courts have uniformly held that they should not adjudicate cases involving domestic relations, including 'the custody of minors and a fortiori, right of visitation[';] the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter").  "Even when a federal question is presented, federal courts decline to hear disputes [that] would deeply involve them in adjudicating domestic matters."  *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986).

Further, this court lacks subject matter jurisdiction to review final determinations of state court custody proceedings.  *See Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) ("The United States District Court . . . has no authority to review the final determinations of a state court in judicial proceedings.").  Under the *Rooker-Feldman* doctrine, a federal district court does not have subject matter jurisdiction to hear an appeal from the judgment of a state court.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *see also*

---

[1] As explained above, plaintiff's complaint is devoid of factual allegations.  And while the court would typically only consider the complaint to determine a plaintiff's likelihood of success on the merits, considering plaintiff's pro se status here, the court has considered the arguments in the motion for injunctive relief.

*Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923).

To determine whether the *Rooker-Feldman* doctrine bars a case, a court must first determine if the federal action contains a forbidden de facto appeal of a state court judicial decision. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003). If it does not, "the *Rooker-Feldman* inquiry ends." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013). If a court determines that the action is a "forbidden de facto appeal," the court cannot hear the de facto appeal portion of the case, and, "[a]s part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel*, 341 F.3d at 1158; *see also Bell*, 709 F.3d at 897 ("The 'inextricably intertwined' language from *Feldman* is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the *Rooker-Feldman* analysis."). A complaint is a "de facto appeal" of a state court decision where the plaintiff "complains of a legal wrong allegedly committed by the state cour[t] and seeks relief from the judgment of that court." *Noel*, 341 F.3d at 1163.

Plaintiff asks this court to invalidate a state court decision granting custody of her children to her children's father—a type of review that *Rooker-Feldman* squarely prohibits. *See In re Gruntz*, 202 F.3d 1074, 1079 (9th Cir. 2000). A request to vacate a family court order is generally considered a de facto appeal and barred by *Rooker-Feldman*. *See Moore v. Cnty. of Butte*, 547 F. App'x 826, 829 (9th Cir. 2013); *Riley v. Knowles*, No. 1:16-CV-0057-JLT, 2016 WL 259336, at *3 (E.D. Cal. Jan. 21, 2016). Plaintiff's action constitutes a "forbidden de facto appeal," and the court lacks subject matter jurisdiction. *See Davis v. California Dep't of Child Servs.*, No. 2:20-cv-01393-TLN-AC (PS), 2020 WL 5039243, at *2 (E.D. Cal. Aug. 26, 2020) (finding that plaintiff's civil action regarding a state court's child custody determination constituted a forbidden "de facto appeal" that was barred by the *Rooker-Feldman* doctrine).

In addition, plaintiff names as the sole defendant the father of her children. However, the complaint does not adequately allege that defendant was acting under the color of state law. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the

5

1 wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988)
2 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).
3     And none of the remaining statutes upon which plaintiff relies—the Violence Against
4 Women Act, 34 U.S.C. §§ 12291, *et seq.*; 18 U.S.C. § 242; and the Victims' Rights and
5 Restitution Act under 34 U.S.C. § 20141—create a private right of action for individuals. *See*
6 *Moore v. Silver*, No. 5:24-CV-686-BO-KS, 2025 WL 1212833, at *5 (E.D.N.C. Apr. 25, 2025);
7 *King v. Washington*, No. 4:23-CV-5137-TOR, 2024 WL 219387, at *2 (E.D. Wash. Jan. 19, 202;
8 *Stephens v. United Parcel Serv., Inc.*, No. 3:23-CV-06081-JSC, 2024 WL 1974548, at *4 (N.D.
9 Cal. May 3, 2024).

## Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

Further, it is RECOMMENDED that plaintiff's motion for injunctive relief, ECF No. 3, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See*

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 12, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE